FILED 27 JUL '11 15:41 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUSAN K. WILSON, an individual,                    Civ. No. 10-6393-AA
                                                   OPINION AND ORDER
                    Plaintiff,

        v.

STATE OF OREGON; THEODORE
KULONGOSKI, Governor of Oregon;
JOHN KROGER, Attorney General of
the State of Oregon; SCOTT HARRA,
Director, Oregon Department of
Administrative Services; CLAUDIA
BLACK, Health Policy Advisor to
the Governor; TONY GREEN,
Director of Communications and
Policy for Oregon Dept. of
Justice; DONNA SANDOVAL BENNETT,
Assistant Attorney General; and
SERVICE EMPLOYEES INTERNATIONAL
UNION, LOCAL 503; CHRISTINA
McCALLISTER; TIMOTHY MOLLOY;
CERYNTHIA MURPHY; SAMANTHA
PATNODE; LAWRENCE PECK; and
CALLIE ZINK, individuals,

                    Defendants.

_____

Roger Hennagin
Roger Hennagin, P.C.
8 North State Street, Suite 300
Lake Oswego, OR 97034
        Attorney for Plaintiff

1 - OPINION AND ORDER

Marc A. Stefan
Supervising Attorney
SEIU Local 503, OPEU
P.O. Box 12159
Salem, OR 97309
        Attorney for Defendant Local 503

AIKEN, Chief Judge:

        Plaintiff Susan Wilson filed suit against the State of Oregon,
the former Governor and other state officials (State defendants),
the Service Employees International Union, Local 503 (Local 503),
an Oregon public employees union, and individual union members and
State employees. Plaintiff alleges violations of her constitutional
due process rights pursuant to 42 U.S.C. § 1983, breach of
contract, wrongful discharge, and intentional interference with her
employment.  Local 503 (Local 503) moves to dismiss plaintiff's
claims against it pursuant to Fed. R. Civ. P. 12(b)(6), and
plaintiff moves to compel the State defendants to produce certain
documents.

## I. BACKGROUND

        The following facts are taken from plaintiff's complaint.

        Plaintiff was employed with the state of Oregon as Director of
the Oregon Health Licensing Agency (OHLA) from July 1, 1999 to
March 5, 2009. At all material times, Local 503 was the recognized
collective bargaining agent and representative of OHLA.  As a
manager, plaintiff was not represented by the union.

        In February 2003, then-Governor Kulongoski instituted a new
directive requiring agencies to streamline their operations and

2 - OPINION AND ORDER

reduce impacts of governmental regulation on Oregon businesses. In 2005, Kulongoski issued a second regulatory streamlining directive. In 2007, Kulongoski instructed health-related agency directors to ensure the enforcement of Oregon's consumer protections laws.

With the assistance of her administrative services director, Richard McNew, plaintiff initiated a planning process to achieve compliance with the Governor's regulatory streamlining objectives. The plan involved reorganization of the agency and reassignment of OHLA staff. During this process, plaintiff was instructed to incorporate administrative functions of the Nursing Home Administrator's Board (NHAB) into the OHLA. McNew hired plaintiff's daughter as a temporary employee to assist with the reorganization of OHLA and the incorporation of NHAB.

Defendants McCallister, Molloy, Murphy, Patnode, Peck, and Zink complained to Local 503 representatives that plaintiff engaged in nepotism and misconduct, and that McNew also engaged in nepotism, misconduct and bullying of employees. Plaintiff alleges that these complaints were motivated by defendants' displeasure regarding the proposed reorganization of OHLA and potential reassignments.

Local 503 representatives relayed these complaints to the Governor's office and the Attorney General's office. In doing so, plaintiff maintains that Local 503 unlawfully bypassed the grievance process pursuant to the collective bargaining agreement

3 - OPINION AND ORDER

between Local 503 and the State.  Further, plaintiff alleges that State officials did not notify plaintiff of the complaints.

In late January and/or early February 2009, Local 503 officials, representatives from the Governor's office and Attorney General's office, and several OHLA employees met to discuss the complaints against plaintiff and McNew.  Plaintiff was not afforded the opportunity to address the staff grievances.

Shortly thereafter, Kulongoski placed plaintiff on administrative leave pending an investigation and issued a press release.

On March 5, 2009, plaintiff was permanently discharged.

## II. DISCUSSION

<u>1.  Local 503's Motion to Dismiss</u>

Local 503 seeks to dismiss plaintiff's claims that Local 503 breached the collective bargaining agreement with the State and intentionally interfered with plaintiff's employment.

Under Fed. R. Civ. P. 12(b)(6), a complaint is construed in favor of the plaintiff, and its factual allegations are taken as true.  <u>Daniels-Hall v. Nat'l Educ. Ass'n</u>, 629 F.3d 992, 998 (9th Cir. 2010).  "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007).

In response to Local 503's motion, plaintiff withdrew her sixth claim for relief alleging breach of the collective bargaining agreement. Accordingly, Local 503's motion to dismiss this claim is granted.

Local 503 also moves to dismiss plaintiff's fifth and seventh claims alleging intentional interference with plaintiff's employment contract. To prevail on these claims, plaintiff must show:

> (1) the existence of a professional or business relationship (which could include, e.g., a contract or prospective economic advantage); (2) intentional interference with that relationship, (3) by a third party, (4) accomplished through improper means or for an improper purpose, (5) a causal effect between the interference and damage to the economic relationship, and (6) damages.

Wieber v. FedEx Ground Package Sys., Inc., 231 Or. App. 469, 477, 220 P.3d 68 (2009) (quoting McGanty v. Staudenraus, 321 Or. 532, 535, 901 P.2d 841 (1995)).

Plaintiff alleges that Local 503 employees and agents "requested a clandestine meeting with agents of the governor's

5 - OPINION AND ORDER

office and the attorney general's office" and "falsely accused [plaintiff] of misconduct and nepotism" and stated that plaintiff "may have committed a crime." Am. Compl. ¶¶ 79-82, 94. Plaintiff further alleges that these defendants acted with the intent "to induce Kulongoski and Harra . . . to unlawfully and unfairly discharge" plaintiff and "interfere with [her] continued employment" because they "opposed the reorganization of OHLA" and "desired promotions which had been denied to them by" plaintiff. Am. Compl., ¶¶ 82, 95-96. Plaintiff further alleges that she was discharged as a result of defendants' false accusations, and that she sustained damages as a result. Am. Compl., ¶¶ 84-86, 97-98.

Accepting these alleged facts as true, I find that plaintiff adequately alleges claims for intentional interference with economic relations. Therefore, Local 503's motion to dismiss this claim is denied.

2. Plaintiff's Motion to Compel

Plaintiff moves to compel the State defendants to produce documents memorializing comments made at a meeting between several individual State defendants on January 31, 2009, and documents relating to subsequent meetings between some individual defendants and defendant Bennett, a Senior Assistant Attorney General for the State of Oregon. Plaintiff also seeks to compel the production of documents, notes and records of Tony Green, who plaintiff maintains is the Director of Communications and Policy for the Oregon

6 - OPINION AND ORDER

Department of Justice(DOJ).

The State defendants assert that they have produced all non-privileged documents pertaining to the January 31, 2009 meeting and I therefore find this request moot.  The State defendants oppose production of documents that reflect communications between Bennett and State employees during the course of the State's investigation of the allegations against plaintiff, on grounds that such communications are privileged attorney-client communications and also constitute attorney word product.  Plaintiff maintains that such communications are not privileged, because the individual defendants had not been named as parties to this lawsuit at that time and no attorney-client relationship existed between them and Bennett.

I note that plaintiff does not identify the date, time, or place of the alleged meetings between Bennett and individual defendants.  To the extent such meetings occurred during Bennett's investigation, such communications are privileged as they were obtained to assist Bennett in providing legal advice to OHLA and the State.  See State ex rel. Or. Health Sciences Univ. v. Haas, 325 Or. 492, 497, 500, 942 P.2d 261 (1997) (noting that an investigative report involving interviews of employees and prepared by counsel at the behest of a state entity constituted privileged communications); see also Upjohn Co. v. United States, 449 U.S. 383, 394 (1981) (communications by corporate employees to corporate

attorney were privileged when obtained in the course of an investigation conducted for the purpose of rendering legal advice to the company). The fact that plaintiff characterizes such communications as "grievances" does not alter the scope of the privilege.

With respect to defendant Green, the documents sought to be produced include communications with Bennett and other DOJ staff that would appear to fall within the attorney-client privilege, based on the State's defendant's privilege log. However, in an abundance of caution, I will require the State defendants to submit the Green documents for *in camera* review.

### IV. CONCLUSION

Local 503's Motion to Dismiss (doc. 20) is GRANTED in part and DENIED in part, and plaintiff's Motion to Compel (doc. 34) is DENIED in part. Plaintiff's Sixth Claim for Relief is DISMISSED. Within fourteen (14) days from the date of this Order, the State defendants shall produce the documents identified in defendant Green's privilege log for *in camera* review by the court.

IT IS SO ORDERED.

Dated this 27th day of July, 2011.

_____
Ann Aiken
United States District Judge